UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:  Case No. 10-53685-wsd

WILLIAMS, CLEO A.,  Chapter 7

      Debtors.  Hon. Walter Shapero

_____/

## OPINION DENYING DEBTOR'S MOTION FOR TURNOVER AND SANCTIONS

This matter came before the Court upon (1) Debtor's Motion which seeks turnover of the garnished portion of his income tax refund and sanctions against creditor and its attorneys for violations of the automatic stay, and (2) Creditor's Motion for relief from the automatic stay. (Docket Nos. 16 and 18). The material facts of this matter are not in dispute.

### I.

On October 14, 2009, Capital One Bank, N.A. ("Capital One" or "Creditor") obtained a judgment against Cleo Williams in state court in the amount of $4,381.86. On November 13, 2009, Capital One served the Michigan Department of Treasury with a Writ of Garnishment as a way of obtaining its judgment, presumably out of any tax refunds owing to Debtor. On February 3, 2010, Williams filed his State of Michigan tax return indicating entitlement to a refund. On March 30, 2010, the Michigan Department of Treasury sent Williams a letter informing that his $1,200 tax refund was being held pursuant to Capital One's Writ of Garnishment.

On April 26, 2010, Williams filed the instant bankruptcy case. The following day, Williams sent a letter to counsel for Capital One informing it of his bankruptcy filing and requesting the return of the garnished funds. Sometime thereafter, the Michigan Department of Treasury sent the $1,200 to Capital One. Williams spoke with an attorney for Capital One who refused to return the funds, and on June 3, 2010, Williams filed the

1

instant Motion seeking turnover.  On June 18, 2010, Capital One filed its Motion seeking relief from the automatic stay to enable it to retain the garnished funds.

## II.

Section 547(b) [1] permits certain transfers made on or within 90 days of a bankruptcy filing to be avoided.  A chapter 7 debtor can invoke this power to avoid preferential transfers pursuant to § 522(h).  It appears from the pleadings and arguments presented at the hearing that the only element of § 547(b) in dispute is the timing of the transfer, i.e., did the transfer occur within 90 days of the petition date?

Section 101(54) defines the term "transfer" as including, *inter alia*, "the creation of a lien."  11 U.S.C. § 101(54)(A).  Therefore, garnishment liens are clearly "transfers" within the scope of § 547(b).  Timing of the transfer is determined by referencing § 547(e)(2), which provides:

> (2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made--
>     (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B);
>     (B) at the time such transfer is perfected, if such transfer is perfected after such 30 days; or
>     (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of--
>         (i) the commencement of the case; or
>         (ii) 30 days after such transfer takes effect between the transferor and the transferee.

11 U.S.C. § 547(e)(2).  Accordingly, to determine the timing of the transfer, the Court must determine the time at which perfection occurred.  Section 547(e)(1)(B) provides that

---

[1] (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
 (1) to or for the benefit of a creditor;
 (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
 (3) made while the debtor was insolvent;
 (4) made--
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
 (5) that enables such creditor to receive more than such creditor would receive if--
   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

"a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." This requires that the Court examine Michigan law.

In *In re Arnold*, 132 B.R. 13, 14 (Bankr. E.D. Mich. 1991), Judge Spector was confronted with precisely the same issue as that involved here and determined, that under Michigan law, a post-judgment garnishment lien is perfected when the writ is served. Applied to the facts of this case, that would mean that the transfer occurred on November 13, 2009, the date that Capital One served its Writ of Garnishment upon the Michigan Department of Treasury, and thus the transfer was 163 days before the filing and substantially outside of the 90 day transfer period of § 547(b)(4).

A review of the case law between the *Arnold* decision and the present leads the Court to conclude that the decision remains good law. While, in *Freedom Group v. Lapham-Hickey Steel Corp. (In re Freedom Group)*, 50 F.3d 408, 412 (7th Cir. 1995), the Seventh Circuit Court of Appeals opined that the analysis of cases such as *Arnold* may be effected by the Supreme Court's decision in *Barnhill v. Johnson*, 503 U.S. 393 (1992), this Court does not believe this is so.

*Barnhill* dealt with the timing of a transfer of a payment via check, a matter within the purview of the Uniform Commercial Code. In finding that, for purposes of § 547(b), the transfer occurred on the day the bank honored the draft (as opposed to the day the check was physically given to the creditor), the Court noted that mere receipt of the check did not give the creditor any right against the drawee bank, it was simply an order to the drawee bank to pay the sum stated. A garnishee occupies a different position than a drawee. While a drawee bank bears no liability to the payee of a check for wrongful dishonor (its liability is to the drawer for wrongful dishonor and is generally rooted in contract), a garnishee is liable to a garnisheeing party if it inappropriately releases funds subject to a valid garnishment. Under Michigan Court Rule 3.101(G), regarding "Liability of Garnishee," it is made clear that (1) the garnishee is itself liable; (2) the liability accrues or attaches at the time the writ of garnishment is served; and (3) such things as a tax refund owing to the judgment debtor are within the ambit of what is subject to garnishment. Because of this material distinction between the status of a

garnishee and a drawee, this Court believes the rationale of *Barnhill* is inapplicable in the garnishment context.

In sum, the Court concludes that the challenged transfer in this case occurred November 13, 2009, and therefore cannot be avoided as a preference under § 547(b). As the Court has determined that the property was transferred outside of the preference period, the automatic stay is inapplicable and Capital One's Motion for relief from stay is at this point moot.

Capital One shall present an appropriate order.
.

**Signed on August 05, 2010**

            **___ __/s/ Walter Shapero_ ___**
            **Walter Shapero**
            **United States Bankruptcy Judge**